**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| EARL WALLACE HARRIS, | : | MOTION TO VACATE |
| Movant, | : | 28 U.S.C. § 2255 |
| | : | |
| v. | : | CRIMINAL ACTION NO. |
| | : | 1:09-cr-0290-ODE-JFK-1 |
| UNITED STATES OF AMERICA, | : | |
| Respondent. | : | CIVIL FILE NO. |
| | : | 1:11-cv-2619-ODE-JFK |

**MAGISTRATE JUDGE'S
FINAL REPORT AND RECOMMENDATION**

Earl Wallace Harris has filed a 28 U.S.C. § 2255 motion to vacate, set aside or correct his sentence entered in this Court under the above criminal docket number. The matter is before the Court on the § 2255 motion, as amended, (Doc. No. 38),[1] Respondent's response, (Doc. No. 41), and Movant's reply, (Doc. No. 43).

**I. Background**

In June 2009, the federal grand jury sitting in Atlanta, Georgia, indicted Movant on one count of being an alien who had unlawfully re-entered the United States after deportation, in violation of 8 U.S.C. § 1326(a), (b)(2). (Doc. No. 1). Movant pleaded guilty. (See Doc. Nos. 15, 25). At his plea hearing, the government stated that the

---

[1]The Court refers to Petitioner's amended motion, which is essentially identical to his initial motion. (See Doc. Nos. 35, 38).

facts showed that Movant had re-entered the United States without permission after having been removed in 1996. (Doc. No. 25 at 10-11). The government stated that, if Movant's case went to trial, it would have to prove that (1) he was an alien, (2) who had been removed from the United States, and (3) who was later found in the United States, (4) without having obtained permission from the attorney general to reapply for admission to the United States. (Id. at 12). Movant agreed that by pleading guilty he was giving up his right to have the government prove those elements beyond a reasonable doubt and that he was in fact guilty. (Id. at 12-13). The Court accepted Movant's guilty plea. (Id. at 14). On December 7, 2009, the Court sentenced Movant to a forty-one month term of imprisonment. (Doc. No. 20 at 2). Movant appealed and argued that his sentence was unreasonable under 18 U.S.C. § 3553(a). United States v. Harris, 394 F. App'x 627, 627 (11th Cir. 2010). On August 26, 2010, the Eleventh Circuit Court of Appeals found no error and affirmed the judgment against Movant. Id. at 628. Movant now challenges his conviction and sentence under 28 U.S.C. § 2255. (Doc. No. 38 at 1).[2]

---

[2]Movant did not number the pages of his § 2255 motion, and the Court refers to the cm/ecf page numbering.

2

## II. <u>28 U.S.C. § 2255 Standard</u>

Section 2255 of Title 28 allows a district court to vacate, set aside, or correct a federal sentence that was imposed in violation of the Constitution or laws of the United States or was imposed by a court without jurisdiction, exceeds the maximum sentence authorized by law, or is otherwise subject to collateral attack. 28 U.S.C. § 2255. Section 2255 relief is limited. A § 2255 motion "may not be a surrogate for a direct appeal[,]" and a defendant "must assert all available claims on direct appeal[.]" <u>Lynn v. United States</u>, 365 F.3d 1225, 1232 (11th Cir. 2004). An alleged error "decided adversely to a defendant on direct appeal . . . cannot be re-litigated in a collateral attack under section 2255." <u>United States v. Nyhuis</u>, 211 F.3d 1340, 1343 (11th Cir. 2000) (internal quotation marks and citation omitted). "Once [a] defendant's chance to appeal has been waived or exhausted, . . . we are entitled to presume he stands fairly and finally convicted[.]" <u>United States v. Frady</u>, 456 U.S. 152, 164 (1982). Claims that a § 2255 movant could have asserted on direct appeal, but did not, generally are procedurally barred absent (1) a showing of cause for the default and actual prejudice or (2) a showing of a fundamental miscarriage of justice or actual innocence. <u>McKay v. United States</u>, 657 F.3d 1190, 1196 (11th Cir. 2011).

3

"[T]o show cause for procedural default, [a movant] must show that some objective factor external to the defense prevented [him] or his counsel from raising his claims on direct appeal . . . ." or that the matter was not raised because of ineffective assistance of counsel. Lynn, 365 F.3d at 1235; Reece v. United States, 119 F.3d 1462, 1468 (11th Cir. 1997) (holding that, absent an "objective factor external to the defense" as cause, the movant must show that the default was caused by ineffective assistance of counsel (quoting Murray v. Carrier, 477 U.S. 478, 488 (1986)) (internal quotation marks omitted)). If a petitioner shows cause, he also must show prejudice – that the error complained of "worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." Reece, 119 F.3d at 1467 (emphasis in original) (quoting Frady, 456 U.S. at 170) (internal quotation marks omitted). To make a credible showing of actual innocence, "a movant 'must show that it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt' in light of . . . new evidence of innocence."[3] McKay, 657 F.3d at 1196 (alteration in original) (quoting Schlup v. Delo, 513 U.S. 298, 327 (1995)).

---

[3] Below, the Court addresses only ineffective assistance of appellate counsel in relation to Movant's defaulted grounds, as ineffective assistance is the only argument that Movant raises in an attempt to excuse his default.

4

The Court will grant a hearing on a motion to vacate unless "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." Gordon v. United States, 518 F.3d 1291, 1301 (11th Cir. 2008) (quoting § 2255) (internal quotation marks omitted). "A hearing is not required on patently frivolous claims or those which are based upon unsupported generalizations. Nor is a hearing required where the [Movant's] allegations are affirmatively contradicted by the record." Holmes v. United States, 876 F.2d 1545, 1553 (11th Cir. 1989) (quoting Guerra v. United States, 588 F.2d 519, 520-21 (5th Cir. 1979)) (internal quotation marks omitted). Because, as indicated by the discussion below, "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," 28 U.S.C. § 2255, an evidentiary hearing is not warranted.

### III. Discussion

#### A. Ground One

Movant argues that the criminal indictment should be dismissed or his sentence should be set aside because the deportation element was unsupported in that (1) he was illegally deported after "fundamentally unfair" deportation proceedings and (2) the Immigration Judge's denial of a waiver of deportation was based on a misinterpretation of the law that was corrected by the Supreme Court in Immigration and Naturalization

5

Serv. v. St. Cyr, 533 U.S. 289 (2001).[4] (Doc. No. 38 at 1-4, 11). Respondent argues that Movant's Ground One fails because it is procedurally defaulted by Movant's failure to raise it on direct appeal and that Movant has not made a showing to overcome his default. (Doc. No. 41 at 6–10). Movant replies that his procedural default of Ground One should be excused based on the ineffective assistance of his counsel, Ms. Anna Blitz, who represented him at the trial level and on appeal.[5] (Doc.

---

[4]Movant spends the greater part of his § 2255 motion alleging fundamental unfairness in his earlier deportation proceedings and the decision to deny him a waiver of deportation. (Doc. No. 38 at 4-17).

[5]Movant has not raised any independent claims of ineffective assistance of trial or appellate counsel as grounds for § 2255 relief. Movant's assertions in his reply of ineffective assistance in order to overcome his procedural default are not construed as a motion to amend. It is noted that Movant's reply, signed on January 17, 2012, was submitted for filing well over a year after Movant's conviction became final on November 24, 2010, ninety days after Movant's conviction was affirmed on August 26, 2010. See Michel v. United States, 519 F.3d 1267, 1268 n.1 (11th Cir. 2008) (stating that convictions became final when time to seek a writ of *certiorari* in the United States Supreme Court expired, ninety days after the Eleventh Circuit Court of Appeals affirmed convictions). If Movant's January 2012 reply were construed as an attempt to amend, it would be untimely filed more than a year after his conviction became final. Further, it could not be considered timely under the relation back doctrine. See Davenport v. United States, 217 F.3d 1341, 1344 (11th Cir. 2000) (holding that in order for an otherwise untimely claim to be deemed timely under the relation back doctrine, "the untimely claim must have arisen from the 'same set of facts' as the timely filed claim, not from separate conduct or a separate occurrence in 'both time and type'" (citations omitted)). The issue of counsel's assistance cannot relate back to Movant's timely filed Ground One because counsel's assistance involves facts/conduct – counsel's – that are different in time and type from the facts involved

6

No. 43 at 3-8). Movant asserts that, before he entered his guilty plea, he informed Ms. Blitz that he had challenged his 1996 removal, which he believed was invalid, and asked her to raise the issue in relation to his illegal reentry charge. (Id. at 4-5). Movant states that Ms. Blitz told him nothing could be done and failed to raise the issue either before the trial court or on appeal. (Id. at 6-8).

As indicated earlier, ineffective assistance of counsel can provide cause for a procedural default. A criminal defendant possesses a Sixth Amendment right to "reasonably effective" legal assistance. Strickland v. Washington, 466 U.S. 668, 687 (1984). To show constitutionally ineffective assistance of counsel, a petitioner must establish that (1) counsel's representation was deficient and (2) counsel's deficient representation prejudiced him. Id. at 690-92. The petitioner has the burden of establishing his claim by a preponderance of competent evidence. Chandler v. United States, 218 F.3d 1305, 1313 (11th Cir. 2000) (en banc). "The standards applicable to [a petitioner's] claims of ineffectiveness against trial counsel apply equally to the charges leveled against his appellate lawyer. . . . To prevail, [a petitioner] must demonstrate both that his appellate counsel's performance fell below reasonable

---

in Movant's Ground One – the facts supporting the deportation or removal element of his conviction.

7

professional standards and that he was prejudiced by his attorney's substandard performance." Johnson v. Alabama, 256 F.3d 1156, 1187 (11th Cir. 2001) (citations omitted). Absent a showing "regarding the effect, if any, that a different [appellate] brief would have had on the outcome of proceedings[,]" under Strickland, there is no ineffective assistance of appellate counsel. Johnson, 256 F.3d at 1188.

As stated at Movant's plea hearing, the elements of his crime of conviction are that (1) he was an alien, (2) who had been removed or deported from the United States, and (3) who was later found in the United States, (4) without having obtained permission from the attorney general to reapply for admission to the United States. (Doc. No. 25 at 12); see also 8 U.S.C. § 1326(a). A defendant may challenge the removal element in his "*criminal proceeding*" by collaterally attacking the underlying removal or deportation order only in limited circumstances.[6] 8 U.S.C. § 1326(d) (emphasis added). Generally, such a challenge should be brought before the criminal trial. Fed. R. Crim. P. 12(b); United States v. Perez, No. 09-352, 2010 WL 3022546, at *1 (D. N.J. July 29, 2010) ("A 12(b) motion to dismiss is a proper vehicle for

---

[6]A defendant must show that he has exhausted available administrative remedies for challenging the removal or deportation order, that the removal or deportation proceedings deprived him of an opportunity for judicial review, and that the entry of the removal or deportation order was fundamentally unfair. 8 U.S.C. § 1326(d).

8

collaterally attacking deportation hearings where a defendant is later charged with illegal reentry."), aff'd, _ F. App'x _, 2012 WL 213493 (3rd Cir. Jan. 25, 2012).

By entering a guilty plea, a defendant "waives all nonjurisdictional challenges to the constitutionality of the conviction, and only an attack on the voluntary and knowing nature of the plea can be sustained." United States v. De La Garza, 516 F.3d 1266, 1271 (11th Cir. 2008) (quoting Wilson v. United States, 962 F.2d 996, 997 (11th Cir. 1992)) (internal quotation marks omitted); Tiemens v. United States, 724 F.2d 928, 929 (11th Cir. 1984) (per curiam) (Once "a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." (quoting Tollett v. Henderson, 411 U.S. 258, 267 (1973)) (internal quotation marks omitted)). Whether the evidence is sufficient to support a guilty plea is nonjurisdictional and, "[u]nder this rule, a defendant . . . may not argue 'that his conduct did not meet the elements of the charges.'" United States v. King, 450 F. App'x 794, 802 (11th Cir. 2011) (quoting United States v. Evans, 478 F.3d 1332, 1339 n.7 (11th Cir. 2007)); accord United States v. Tome, 611 F.3d 1371, 1379 (11th Cir.) (A guilty plea waives "all challenges to the factual basis underlying [a] violation and all other non-jurisdictional challenges

9

to it."), cert. denied, _ U.S. _, 131 S. Ct. 674 (2010). Thus, by pleading guilty to illegal reentry and admitting the deportation element, a defendant waives the right to challenge the satisfaction of that element. See United States v. Villalobos-Sandoval, 162 F. App'x 607, 609-10 (7th Cir. 2006). Further, a voluntary guilty plea waives any pre-plea claims of ineffective assistance of counsel. Baird v. United States, 445 F. App'x 252, 254 (11th Cir. 2011); Hutchins v. Sec'y for Dep't of Corr., 273 F. App'x 777, 778 (11th Cir. 2008).

Movant's claim that the removal or deportation element was insufficiently supported to sustain his indictment and conviction was not presented on direct appeal, and it is now procedurally defaulted. Movant's attempt to show cause for his procedural default fails because if appellate counsel had raised such a claim, there is no reasonable probability that the appellate outcome would have been different.[7] See Johnson, 256 F.3d at 1188. The record before the Eleventh Circuit would have shown that Movant did not challenge the deportation element before pleading guilty, (see generally docket entries 1-15), and that he in fact admitted and waived the right to challenge that element, (Doc. No. 25 at 12). Eleventh Circuit precedent does not allow

---

[7]Trial counsel's alleged ineffective assistance cannot provide cause for Movant's procedural default on appeal, and, as stated earlier, Movant does not raise an independent claim of ineffective assistance of trial counsel.

the type of non-jurisdictional challenge to a guilty-plea conviction that Movant now raises, and appellate counsel was not deficient for failing to raise the matter. Absent a showing that appellate counsel performed ineffectively, Movant fails to show cause for his procedural default of Ground One.

### B. Ground Two

On direct appeal, Movant argued that "his sentence was substantively unreasonable, in light of the 18 U.S.C. § 3553(a) factors because: (1) the sentence does not accurately reflect the seriousness of the offense; (2) the sentence is excessive and thus does not promote respect for the law; and (3) the case received no media attention and so § 3553(a)(2)(B)'s deterrence requirement should be ignored." Harris, 394 F. App'x at 627. The Eleventh Circuit found that the district court had "appropriately weighed the factors set forth in § 3553(a) and achieved the purposes of sentencing set forth in § 3553(a)" and affirmed the judgment against Movant. Id. at 628. The Eleventh Circuit concluded, "Under the totality of the circumstances, [Movant's] sentence was substantively reasonable." Id.

Movant now argues that the Court imposed a sentence that was unreasonable under § 3553(a) because it double counted his prior convictions and did not apply U.S.S.G. § 5K3.1 (allowing a four point reduction based on an early disposition, i.e.,

11

application of the "fast-track program"). (Doc. No. 38 at 4, 17-20). Respondent asserts that Movant's Ground Two fails because the Eleventh Circuit Court of Appeals already has determined that Movant's sentence is reasonable under § 3553(a) and that Movant's re-characterization of his sentencing claim does not warrant collateral reconsideration. (Doc. No. 41 at 10-11). In reply, Movant acknowledges that "there are some similarities" between his § 2255 and direct-appeal claims on the unreasonableness of his sentence but argues that Ms. Blitz performed ineffectively by failing to raise the particular sentencing claims that he now raises regarding double counting and the failure to apply U.S.S.G. § 5K3.1.[8] (Doc. No. 43 at 9-11, 15-17). Movant argues (1) that twelve levels – for his prior deportation after a felony conviction – were added under U.S.S.G. § 2L1.2(b)(1)(B) to his base offense level, (2) that the same felony conviction was counted (double counted) in his criminal history

---

[8]On Ground Two, Movant also has not raised any independent claims of ineffective assistance of trial or appellate counsel as grounds for § 2255 relief. The Court does not construe his attempt to overcome his procedural default as an attempt to amend, which, as stated earlier, would be untimely. Additionally, the issue of counsel's assistance cannot relate back to Movant's timely filed Ground Two because the adequacy of counsel's assistance under the Sixth Amendment involves facts/conduct – counsel's trial and appeal strategy – that are different in time and type from the facts involved in Movant's Ground Two – the court's decision as to how it applied the § 3553(a) factors. Cf. Bailey v. Nagle, 172 F.3d 1299, 1304 n.8 (11th Cir.1999) ("An ineffective-assistance claim is analytically distinct from the substantive claim underlying it.").

points, and (3) that the only avenue to offset such double counting is application of U.S.S.G. §5K3.1, which he was denied, creating an unwarranted sentencing disparity between Movant and similar defendants in districts that apply § 5K3.1 and rendering his sentence unreasonable. (Doc. No. 43 at 12-15).

The Eleventh Circuit already has determined that Movant's sentence is reasonable under § 3553(a), and he cannot re-litigate a matter that the appellate court has resolved. To the extent that Movant's argument regarding the reasonableness of his sentence differs from the argument that he raised on appeal, he has procedurally defaulted that argument by failing to raise it on direct appeal, and he does not overcome that default by showing that appellate counsel was ineffective on the issue. For the reasons discussed below, had counsel raised the claims Movant now raises, there is no reasonable probability that it would have changed the outcome on appeal.

There is no unwarranted double counting when a prior conviction is considered in both the offense level calculation under § 2L1.2(b)(1)(B) and in the criminal history calculation. The base offense level for unlawful reentry into the United States is eight and is increased to twelve if the defendant previously was deported after "a conviction for a felony drug trafficking offense for which the sentence imposed was 13 months or less [and] the conviction receives criminal history points[.]" U.S.S.G.

13

§ 2L1.2(b)(1)(B). "A conviction taken into account under subsection (b)(1) is *not* excluded from consideration of whether that conviction receives criminal history points . . . ." Id., Application Note 6. (emphasis added). "[T]he Sentencing Commission obviously considered arguments on whether a previous conviction should count in both the offense level calculation and in the criminal history calculation for [§ 2L1.2(b)(1)], and it determined that double counting should be allowed for this Guideline to reflect the true seriousness of the crime, to provide the necessary deterrent effect, or both." United States v. Hernandez-Fierros, 453 F.3d 309, 312-13 (6th Cir. 2006).

In applying § 3553(a), the Court does not consider fast-track sentencing disparities. Section 3553(a)(6) requires a district court to consider, among other things, "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct[.]" Disparities resulting from some, but not all, federal districts participating in the early disposition or fast track program under U.S.S.G. § 5K3.1 were anticipated by Congress, and they do not qualify as "'unwarranted sentence disparities' for the purposes of § 3553(a)(6)." United States v. Arevalo-Juarez, 464 F.3d 1246, 1250-51 (11th Cir. 2006). In fact, it is "impermissible for the district court to consider disparities associated with early

14

disposition programs in imposing . . . sentence[.]" Id. at 1251; see also United States v. Romo-Villalobos, 674 F.3d 1246, 1251 (11th Cir. 2012) ("[A]ny disparities created by fast-track programs do not fall within the scope of the 18 U.S.C. § 3553(a) factors a district court considers in sentencing."); United States v. Bravo, 271 F. App'x 877, 879 and n.1 (11th Cir. 2008) (same) (stating that the Northern District of Georgia is not a "fast-track" district).

The law reviewed earlier – on ineffective assistance of counsel as a means to overcome a procedural default – applies. Counsel's appellate performance was reasonable on the above issues because there was no unwarranted double counting under § 2L1.2(b)(1)(B), and it would have been impermissible for the Court to take into account sentencing disparities related to the fast-track program. Thus, Movant fails to show ineffective assistance or cause to overcome his default of the Ground Two issues. Moreover, as stated earlier, the Eleventh Circuit already has determined that Movant's sentence is reasonable under § 3553(a). Ground Two fails.

## IV. Certificate of Appealability ("COA")

Pursuant to Rule 11 of the Rules Governing § 2254 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue

15

or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Section 2253(c)(2) states that a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." To satisfy that standard, a petitioner must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Lott v. Attorney Gen., 594 F.3d 1296, 1301 (11th Cir. 2010) (quoting Miller-El v. Cockrell, 537 U.S. 322, 336 (2003)) (internal quotation marks omitted). "'When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim,' . . . a certificate of appealability should issue only when the prisoner shows both 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" Jimenez v. Quarterman, 555 U.S. 113, 118 n.3 (2009) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)).

The undersigned recommends that a COA should be denied because Movant's procedural default is not debatable. If the Court adopts this recommendation and denies a COA, Petitioner is advised that he "may not appeal the denial but may seek

a certificate from the court of appeals under Federal Rule of Appellate Procedure 22."

Rule 11(a), Rules Governing § 2254 Cases in the United States District Courts.

**V.     Conclusion**

For the foregoing reasons, **IT IS RECOMMENDED** that Movant's 28 U.S.C. § 2255 motion, as amended, (Doc. Nos. 35, 38), and a COA be **DENIED**.

The Clerk of Court is **DIRECTED** to withdraw the referral of the § 2255 motion to the Magistrate Judge.

**IT SO RECOMMENDED** this 14th day of May, 2012.

_____
JANET F. KING
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)